979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar A. BOLIVAR, Defendant-Appellant.
 No. 91-3610.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
Decided Nov. 20, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Cesar Bolivar pleaded guilty to two counts of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and received a sentence of 20 years. He now contends that his sentence is improper because it does not provide for parole under 18 U.S.C. § 4205. See Fed.R.Crim.P. 35. Bolivar bases this claim on a belief that § 1002 of the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, 100 Stat. 3207-2 to 3207-6, which precludes parole for his offenses, took effect on November 1, 1987, after the crimes were complete.
 
 
 2
 He made the same challenge to the effective date of § 1002 on his direct appeal and lost. United States v. Duprey, 895 F.2d 303, 311 (7th Cir.1989). That decision is now the law of the case, and Bolivar has not provided us with a reason to reexamine it. See Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991). And, if that weren't enough, the Supreme Court has since agreed with Duprey 's holding that § 1002 took effect on October 27, 1986, the date of its enactment. Gozlon-Peretz v. United States, 111 S.Ct. 840, 846-49 (1991). Because he possessed the drugs in October 1987, Bolivar's conduct was covered by § 1002, which is codified at 21 U.S.C. § 841(b)(1)(B). We therefore AFFIRM the district court's denial of his Rule 35 motion.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 In his reply brief Bolivar claims that his sentence violates the ex post facto clause of the Constitution. We need not address this argument because it was not included in the intial brief and, in any event, it lacks merit